No. 3495.—FREDERICK HONOLD *v.* CITY OF NEW ORLEANS.

The acts of 1853 and 1855, re-enacted in section 3344 of the Revised Statutes of 1870, "which prohibits the levying any tax by any municipal corporation in the State on persons engaged in selling articles of their own manufacture, manufactured within the State," is not repealed or modified by the charter of the city of New Orleans enacted in 1870.

The doctrine announced in City of New Orleans *v.* Lusse & Rhulman, 21 An. 1, is reaffirmed by this decision.

APPEAL from the Eighth District Court, parish of Orleans. *Dibble,* J. *Leovy & Monroe,* for plaintiff and appellant. *George S. Lacey,* City Attorney, for defendant.

LUDELING, C. J.   The city of New Orleans having imposed a license tax on the plaintiff as a manufacturer of soap the latter enjoined the city from enforcing the collection of that tax, on the ground that he is exempt from such taxation by virtue of the act of twenty-fifth April, 1853, re-enacted in 1855 and again in 1870.   It declares that "it shall not be lawful, hereafter, for any municipal corporation within the State to lay any tax on persons engaged in selling articles of their own manufacture, manufactured within the State."   Acts of 1853, 135, No. 168; acts of 1855, 326, and section 3344, 648, Revised Statutes of 1870.

The counsel for the city of New Orleans contends that this law is repealed by the charter of the city enacted in 1870, because the exemption under that law is contrary to, or irreconcilable with, the provisions of the said charter.

And he further contends that the exemption law relied upon is unconstitutional, because in opposition to article 118 of the Constitution, which gives the General Assembly power to exempt from taxation only property "actually used for church, school or charitable purposes."

Both these questions have been decided by this court.   In City of New Orleans *v.* Mascaro, 11 An. 733, it was contended that this protection to domestic manufactures had been removed by the provisions of the charter of 1856, section 102 of which is as follows: "That the city of New Orleans shall have power to levy taxes, commonly known as licenses, upon trades, professions, callings and other business carried on," etc.

The court held, in that case, that there was no repeal of the former statute by the charter; that there was nothing in the two acts which could not be made to harmonize.   The same opinion was expressed in Lusse *v.* Rhulman, reported in 21 An. 1.

The counsel for the city does not question the correctness of those decisions, but he insists that section 12 of the charter adopted in 1870 conferred upon the city greater powers than the section 102 of the charter of 1856.   Section 12 of the charter of 1870 bestows upon the Council the power "to levy, impose and collect a license tax upon *all*

persons pursuing *any* trade, profession or calling, and to provide for its collection." Section 102 of the charter of 1856 authorized the Council "'to levy taxes, commonly known as licenses, upon trades, professions, callings and other business carried on," etc.

We think the powers granted under these sections substantially the same, Section 12 of the charter of 1870 can, and therefore it must, be made to harmonize with the statute exempting manufacturers from a license tax. The repeal of laws by implication is not favored. 5 An. 122.

It is difficult to believe that the General Assembly intended to repeal section 3344 of the Revised Statutes of 1870 by the charter of the city, which was enacted by it only two days after the re-enactment of said law. C. C. arts. 17, 18, 22. Article 118 of the Constitution does not command that all occupations, trades and callings shall be taxed; but that all persons pursuing a profession, trade or calling which is taxed must be taxed equally. There is no conflict between the opinions in the cases of Lusse & Rhulman, 21 An. 1, and the insurance company cases recently decided, 23 An. 449, and we reaffirm the opinion expressed in the case of City of New Orleans *v.* Lusse & Rhulman.

It is therefore ordered and adjudged that the judgment of the district court be affirmed, with costs of appeal.